**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Marla M. M.,<br><br>                    Plaintiff(s),<br><br>vs.<br><br>Commissioner of Social Security,<br><br>                    Defendant(s). | 2:24-cv-01446-MDC<br><br>**ORDER DENYING IFP** |

Before the Court are plaintiff Marla M. M's *Motion/Application To Proceed In Forma Pauperis* ("IFP") (ECF No. 1) and Complaint (ECF No. 1-1). This is a social security appeal and plaintiff is not represented by counsel. The Court DENIES plaintiff's IFP application and orders plaintiff to file a new long-form IFP. The Court DISMISSES WITHOUT PREJUDICE plaintiff's Complaint.

## DISCUSSION

**I.   IFP APPLICATION**

   **A.   Legal Standard**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have

the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. S*ee e.g., Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

   B.  Analysis

The Court cannot determine whether plaintiff qualifies to proceed in forma pauperis at this time because her IFP application is incomplete and contains some discrepancies. Plaintiff reports that her gross wage is $1,707 and that her take home wage is $1,533. ECF No. 1 at 2. However, it is unclear

whether plaintiff is currently employed or receives income from some other source because she left questions 2 and 3 blank. *Id.* Nor is it clear whether plaintiff receives the income monthly or otherwise. Plaintiff states that she has $10 in her checking and/or savings account and that she has no other assets. *Id.* at 3. Plaintiff also states that she pays $1471/month on rent, $360/year[1] ($30/month) on transportation, $1,100/year ($91.60/month) on electricity, $500/year ($41.60/month) on gas, $30/month on internet, and $300/month on food. In total, plaintiff's monthly expenses total to about $1964.20/month. Assuming that plaintiff's income is monthly, plaintiff does not explain how she is able to maintain her monthly expenses when they far exceed her monthly income. Therefore, the Court denies her IFP application. However, the Court will give plaintiff another opportunity and orders her to file a long-form IFP application. The long-form IFP application must be complete, with no questions left blank. Questions cannot simply be answered with "N/A."

II. COMPLAINT

    A. Legal Standard

When a plaintiff seeks to proceed IFP, the court must screen the complaint. 28 U.S.C. § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). When a court

---

[1] For the instances where plaintiff states how much she pays per year, the Court divided the yearly expenses by 12, to calculate the monthly expense.

dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### B.  Whether Plaintiff's Complaint States A Claim Upon Which Relief Can Be Granted

Plaintiff did not comply with Rule 8 of the Federal Rules of Civil Procedure. The Complaint (ECF No. 1-1) does not provide "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Plaintiff has not provided sufficient information in her Complaint (ECF No. 5-1) that would give defendant the notice required under Rule 8. *See Erickson v. Pardus,* 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'") (internal citations omitted). Here, although plaintiff completed a complaint form for review of a social security decision, she did not complete Section III "Statement of Claims." *See* ECF No. 1-1 at 3. Plaintiff seemingly argues that the Commissioner's findings are not supported by substantial evidence, however, plaintiff does not provide any supporting statements and merely marked the corresponding choice on Section III. *Id.* This is not sufficient. Plaintiff must provide enough information to give defendant notice of her claims, *i.e.*, where, and how the decision was not supported by substantial evidence. Therefore, the Court dismisses plaintiff's Complaint (ECF No. 1-1) for failing to provide a short and plain statement that plaintiff is entitled to relief. However, the Court does so without prejudice.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The IFP application (ECF No. 1) is DENIED WITHOUT PREJUDICE.

2. Plaintiff must submit a new long-form IFP application by **September 11, 2024,** addressing the Court's concerns and comments. Failure to timely comply with the Court's Order may result in dismissal of the case.

3. Plaintiff's Complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE TO REFILE.

4. Plaintiff has until **September 11, 2024,** to file an amended complaint addressing the issue discussed above. Failure to timely file an amended complaint addressing the deficiencies noted in this Order may result in dismissal of the case.

5. If Plaintiff chooses to file an amended complaint, she must use the approved form and write the words "First Amended" above the words "Complaint for Review of a Social Security Disability or Supplemental Security Income Decision."

6. If Plaintiff files an amended complaint, the Clerk of Court is directed NOT to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.

DATED this 12th day of August 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.