UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MarLa M.M., | **2:24-cv-01446-MDC** |
| Plaintiff(s), | |
| vs. | **ORDER REGARDING IFP AND AMENDED COMPLAINT** |
| Commissioner of Social Security., | |
| Defendant(s). | |

Pending before the Court is plaintiff's IFP application (ECF No. 10). For the reasons stated below, the Court GRANTS the IFP application. Plaintiff failed to submit her amended complaint with her IFP. The Court will grant plaintiff an extension and orders her to file an amended complaint if she wishes to pursue her case.

**DISCUSSION**

**I.   IFP APPLICATION**

The Court previously denied plaintiff's IFP (ECF No. 1) because her IFP was incomplete and there were some discrepancies. ECF No. 7 at 2. The Court ordered plaintiff to file a long-form IFP addressing: (1) whether she receives any other income other than employment income and (2) how she is able to maintain her monthly payments when they exceed her monthly income. *Id.* at 2-3. Plaintiff timely filed a new IFP application (ECF No. 10), addressing the Court's concerns.[1] Plaintiff indicated that she is not employed and receives $1,907 in disability income per month. ECF No. 10 at 2. Plaintiff also receives $273 in public assistance per month. *Id.* Plaintiff has no money in her checking account and seems to only have $0.90 in her savings account. *Id.* Plaintiff has a comic book collection worth $100. *Id.* at 3. Plaintiff's monthly expenses are $2,160. *Id.* at 5. Plaintiff has indicated that she has several loans from Capital Funding but is no longer able to receive loans from them. *Id.* Plaintiff states

---

[1] The Court stated that simply answering a question with "N/A" would not be sufficient, however, given the nature of plaintiff's other responses, the Court will not address her failure to comply with the Court's order any further. ECF No. 7.

1  that she has to borrow money from friends and family to get her through the month and is unlikely to get

2  future assistance. *Id.* Based on the information provided, plaintiff has shown that she is unable to pay the

3  filing fee and still provide herself with the necessities of life. *See Adkins v. E.I DuPont de Nemours &*

4  *Co.*, 335 U.S. 331, 339 (1948). Therefore, the Court GRANTS the IFP application.

5  **II.  AMENDED COMPLAINT**

6        Plaintiff timely submitted her long-form IFP application but failed to submit an amended

7  complaint.  The Court previously determined that plaintiff's complaint did not state a claim (ECF No.

8  7).  The Court required plaintiff to file an amended complaint in which plaintiff provide enough

9  information to give the defendant notice of her  claims, *i.e.*, where, and how the decision was not

10 supported by substantial evidence.  The Court gave plaintiff until September 11, 2024, to file her

11 amended complaint with additional information.  The plaintiff, however, did not file her amended

12 complaint.   The Court will give her another opportunity to file her amended complaint. Plaintiff must

13 submit her amended complaint by **October 16, 2024.** Her complaint must comply with the Court's prior

14 Order (ECF No. 7), the Federal Rules of Civil Procedure, and the Supplemental Rules for Social

15 Security Action under 42 U.S.C. § 405(g). Plaintiff is not required to provide a detailed explanation;

16 however, her complaint should, at the very least provide:

17
18 First, the plaintiff must establish that she has exhausted her administrative remedies
   pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty
   days after notice of a final decision. Second, the complaint must indicate the judicial
19 district in which the plaintiff resides. Third, the complaint must state the nature of the
   plaintiff's disability and when the plaintiff claims she became disabled. Fourth, the
20 complaint must contain a plain, short, and concise statement identifying the nature of the
   plaintiff's disagreement with the determination made by the Social Security
21 Administration and show that the plaintiff is entitled to relief.

22 *Graves v. Colvin*, 2015 U.S. Dist. LEXIS 9879, 2015 WL 357121, *4-5 (D. Nev. Jan. 26, 2015)

23 (collecting cases).

24        Plaintiff should take special care of the fourth element. "A complaint merely stating that the

25 Commissioner's decision was wrong is plainly insufficient to satisfy a plaintiff's pleading requirement."

*Graves*, 2015 U.S. Dist. LEXIS 9879, at *5 (internal citations omitted). The complaint "must set forth a brief statement of facts setting forth the reasons *why* the Commissioner's decision was wrong." *Id.* (internal citations omitted) (emphasis in original).

**III.APPEARANCE BY AUSA**

The Court notes that counsel for the Commissioner filed a Notice of Appearance (ECF No. 9). The Court also notes that the Commissioner may be in possession of information beyond what is available to the Court. Although counsel for the Commissioner is not required to, nothing herein prevents the Commissioner from filing a response to any amended complaint that may be filed, if doing so would facilitate the just, speedy, and inexpensive resolution of this case. *See* Fed. R. Civ. P. 1.

ACCORDINGLY,

**IT IS ORDERED that:**

1.  The IFP application (ECF No. 10) is GRANTED.

2.  Plaintiff must submit an Amended Complaint by **October 16, 2024.** Failure to timely comply with this Order may result in dismissal of the action.

DATED this 16th day of September 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**<u>NOTICE</u>**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.