1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| 3  MarLa M., | **2:24-cv-01446-MDC** |
| 4                    Plaintiff(s), | |
| | **ORDER** |
| 5  vs. | |
| 6  Commissioner of Social Security, | |
| 7                    Defendant(s). | |

8        Pending before the Court is *pro se* plaintiff MarLa M.'s Amended Complaint (ECF No. 14). For

9  the reasons stated below, the Court allows plaintiff to proceed with her Amended Complaint.

10                                    <u>**DISCUSSION**</u>

11  **I.    BACKGROUND**

12        Plaintiff initially filed her Complaint (ECF No. 1-1) with her initial IFP application (ECF No. 1).

13  Although plaintiff used the proper pre-printed for her Complaint, she failed to provide sufficient

14  information about her claims as required by Rule 8 of the Federal Rules of Civil Procedure. Thus, the

15  Court dismissed her Complaint for failing to comply with Rule 8. *Id.* The Court also denied her first IFP

16  application because it could not determine whether plaintiff qualified for IFP at the time. ECF No. 7.

17  The Court ordered her to submit a new long-form IFP application together with an amended complaint

18  that provides more information about her claims. *Id.* The Court granted plaintiff's second IFP

19  application. ECF No. 11. However, the Court deferred screening plaintiff's Complaint because she

20  failed to submit her Complaint on the proper form and failed to provide sufficient details about her

21  claim. ECF No. 13. The Court gave plaintiff another opportunity to amend and file her Amended

22  Complaint by no later than December 6, 2024. *Id.* Plaintiff has timely filed her Amended Complaint and

23  the Court now issues a screening order.

24

25

## II. COMPLAINT

### A. Legal Standard

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### B. Analysis

Plaintiff's Complaint arises from an unfavorable decision regarding Medicare Prescription Drug Assistance. ECF No. 14. Plaintiff asserts that the Commissioner's decision was not supported by substantial evidence in the record. ECF No. 14 at 3. Specifically, plaintiff indicates that contrary to the Commissioner's decision, her income does not cover the medications that are needed. *Id.* Plaintiff requests that the Court reverses the decision and award benefits. ECF No. 14 at 3.

Plaintiff may appeal to this court the Commissioner's decision. *See* 42 U.S.C. § 405(g). This Court has jurisdiction over the matter. *Id*. Construing plaintiff's allegations in the light most favorable to

plaintiff, the court finds that plaintiff has asserted a claim upon which relief can be granted. *See Russell*, 621 F.2d at 1039.


ACCORDINGLY,

**IT IS ORDERED that:**

1.  The Clerk of the Court is directed to file the complaint located at ECF No. 14. The complaint shall be served on the Commissioner in accordance with Rule 3 of the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g).

2.  Plaintiff should familiarize herself with the Supplemental Rules for Social Security Actions, which may be found on this Court's website, under "Federal Rules": https://www.nvd.uscourts.gov/court-information/rules-and-orders/


DATED this 15th day of January 2025.

IT IS SO ORDERED.

_____

Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.