**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MarLa MinOsie McClure,

Plaintiff,

vs.

Commissioner of Social Security,

Defendant.

Case No. 2:24-cv-01446-MDC

**SCHEDULING ORDER SETTING BRIEFING SCHEDULE**

The Court has reviewed plaintiff's Notice (ECF No. 20) and defendant's Status Report (ECF No. 21), filed pursuant to the Court's 01/08/2026 Order (ECF No. 19). Plaintiff states that she intends to proceed in this case and that her Notice should be construed as a brief. *ECF No. 20*. Defendant notes that plaintiff does not make any arguments for why she is entitled to relief in her Notice and requests that the Court issue a Scheduling Order to clarify the parties' briefing deadlines. *ECF No. 21*. The Court does not construe plaintiff's Notice as a brief because she does not provide points and authorities to support her requested relief in this case. A statement of "points and authorities" generally identify (a) what action is being requested of the court; (b) the reasons why such action is requested; and (c) argument and legal authorities (e.g., cases, statutes, rules, etc.) that support the requested action and stated reasons for such action. However, the Court will give plaintiff the opportunity to properly file a brief as stated below.

Given that this case was filed in August 2024 and defendant filed the Certified Administrative Record (ECF No. 17) in March 2025, the Court sets the following expedited briefing schedule for the parties. *See* Plaintiff shall file her opening brief with proper points and authorities supporting her request for relief by **February 13, 2026**. Defendant shall then file a response brief to plaintiff's opening brief by **February 27, 2026**. Plaintiff may then file a reply brief by **March 9, 2026**. A reply brief is an opportunity to reply to the government's arguments. A reply brief may not include new arguments that

plaintiff did not raise in her opening brief or the government in its response brief. The Court cautions plaintiff that failure to timely file an opening brief in compliance with this order may result in her case being dismissed without prejudice.

ACCORDINGLY,

**IT IS ORDERED that:**

1.    Plaintiff shall file her opening brief with proper points and authorities supporting her request for relief by **February 13, 2026**. Defendant shall then file a response brief to plaintiff's opening brief by **February 27, 2026**. Plaintiff may then file a reply brief by **March 9, 2026**.

2.    Plaintiff is cautioned that failure to timely file an opening brief in compliance with this order may result in her case being dismissed without prejudice.

DATED: January 23, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch.*

*Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**