**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MarLa M.M.,

                    Plaintiff,

vs.

Commissioner of Social Security,

                    Defendant.

Case No. 2:24-cv-01446-MDC

**ORDER DISMISSING THE CASE WITHOUT PREJUDICE**

The Court issued a Scheduling Order that set a briefing schedule requiring plaintiff to file her opening brief with proper points and authorities supporting her requests for relief by February 13, 2026. *ECF No. 22*. Plaintiff was warned that failing to file a brief by the deadline may result in her case being dismissed without prejudice. *ECF No. 22*. Plaintiff has not filed an opening brief and the deadline to do so has passed. The Court thus **DISMISSES** this case without prejudice for the reasons below. Plaintiff may initiate a new case seeking her requested relief is she so chooses.

I.    **LEGAL STANDARD**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

1

merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

## II.    ANALYSIS

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's case. Plaintiff has chosen not to comply with this Court's Scheduling Order. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. See *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a Court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the Court's Order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424.

Litigation cannot progress without a plaintiff's compliance with Court orders. The Court also cannot properly consider a plaintiff's requests for relief in a Social Security case if the plaintiff does not file opening brief that has points and authorities supporting her requests. *See* Fed. R. Civ. P. Supp. Soc.

Sec. R. 6 (stating that a plaintiff must file and serve on the Commissioner a brief supporting his or her requested relief). The only alternative is to enter another order setting another deadline. However, this case has been pending since August 2024 and plaintiff has not filed a brief. At this point, issuing another order will only further squander the Court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. The fifth factor favors dismissal.

After weighing these dismissal factors, the Court finds that they weigh in favor of dismissal. Therefore, the Court dismisses this case without prejudice.

ACCORDINGLY,

**IT IS ORDERED that:**

1.    This case is **DISMISSED** without prejudice. Plaintiff may initiate a new case seeking her requested relief is she so chooses.

2.    The Clerk of Court is kindly instructed to close this case.

DATED: February 19, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the

District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**